IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK
09 JUN 26 AM 11: 25
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

LOYE A. BLAKE, JR.

   Plaintiff,

vs.

ROBERT HARRISON, as operator of the Motor Vessel CHUCKIE D; BELLAIRE HARBOR SERVICE, LLC, as owner or owner *pro hac vice* of the Motor Vessel CHUCKIE D, and a flat-deck barge,

   Defendants.

Civil Action No. **2:09 cv 537**

**JUDGE SARGUS**

**MAGISTRATE JUDGE KEMP**

## COMPLAINT

Comes now the Plaintiff, LOYE A. BLAKE, JR., by his attorneys, and files this Complaint as follows:

### JURISDICTION

1. This is a case of admiralty and maritime jurisdiction, and is a claim within the meaning of Federal Rule of Civil Procedure 9(h), over which this Court has jurisdiction under 28 U.S.C. § 1333, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 and 905(b), and the General Maritime Law of the United States of America for a maritime tort. This Court has venue under 28 U.S.C. §1391.

### PARTIES

2. Plaintiff, **LOYE A. BLAKE, JR.**, is an adult individual who resides in Moundsville, Marshall County, West Virginia; his post office address is 1601 Center Street, Moundsville, WV 26041.

3. Defendant, **BELLAIRE HARBOR SERVICE, LLC**, is a Kentucky corporation having a principle office and place of business at mile 93.6, right descending bank of the Ohio River in Bellaire, Belmont County, Ohio; its post office address is 4102 Jefferson Street, P.O. Box 29, Bellaire, OH 43906. Defendant is registered to conduct business in the State of Ohio and its agent for service of process is CT Corporation System, 1300 9th Street, Cleveland, Ohio 44114.

4. Defendant, **ROBERT HARRISON**, is an individual who resides at 65180 Hillview Avenue, Bellaire, Ohio 43906. Defendant, Robert Harrison, owns and operates Defendant, Bellaire Harbor Service, LLC.

5. At all times herein mentioned, Defendant, Bellaire Harbor Service, LLC, owned, operated, managed and caused to be navigated, as well as to be outfitted, manned, and maintained in commercial navigation on the navigable waters of the United States, including the Ohio River, a fleet of vessels, including a flat-deck barge along the inland waters of the United States.

6. At all times herein mentioned, Defendant, Bellaire Harbor Service, LLC, owned, managed and caused to be navigated, as well as to be outfitted, manned, and maintained in commercial navigation on the navigable waters of the United States, including the Ohio River, a fleet of vessels, including the Motor Vessel CHUCKIE D (Coast Guard #263633) which was is a twin-screw towboat built in 1952, powered by Cummins Diesel 1350 horse power kort nozzles.

7. At all times herein mentioned, Defendant, Bellaire Harbor Service, LLC, was the owner or owner *pro hac vice* of the M/V CHUCKIE D.

8. At all times herein mentioned, Defendant, Robert Harrison, was the operator of the M/V CHUCKIE D in navigation on the Ohio River at or about mile 92.5.

9. At all times relevant hereto, Defendants conducted business within the territorial boundaries of the State of Ohio, and at the time of the occurrence alleged herein were present and navigating said flat-deck barge and the M/V CHUCKIE D on the Ohio River at or about mile 92.5.

## FACTUAL ALLEGATIONS

10. On or about July 11, 2006, Plaintiff was employed by Defendant, Bellaire Harbor Service, LLC, aboard a flat-deck barge in navigation on the Ohio River in the capacity of Longshore and Harbor Worker within the meaning of the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 *et seq*.

11. On that date, Defendant, Robert Harrison, was operating the M/V CHUCKIE D, light-boat, on the Ohio River, and performing tug services completely unrelated to the task being performed by Plaintiff.

12. On or about July 11, 2006, Plaintiff was aboard the said barge near the right descending bank of the Ohio River at or about mile 92.5 and in the process of welding a steel beam to a pipe which was imbedded in the river bottom directly adjacent to the existing dock (which consisted of two backfilled barges) so that river barges could be moored at the dock without damaging a water intake line leading from the Ohio River to the existing dock.

13. In this connection, Plaintiff was in the process of welding an overhead steel I-beam into the imbedded pipe referenced above when the M/V CHUCKIE D was so negligently operated by Defendant, Robert Harrison, on the Ohio River so as to cause dangerously excessive wake and water swells to be directed at the barge upon which Plaintiff was working. As a result of the wake, the barge upon which Plaintiff was working was caused to surge upward, such that Plaintiff's shoulder struck the bottom of the I-beam and his back was violently twisted and in turn his right leg buckled causing him to fall to the deck sustaining the injuries set forth more fully below.

14. As a direct and proximate result of this occurrence and the negligence and fault of the Defendants as set forth herein below, Plaintiff sustained personal injuries, damages and permanent impairment, including among others, as follows:

    a) Acute mechanical injury to the lumbar spine causing mechanical, axial and discogenic pain of lumbar spine;

    b) Injury to the low back resulting in a herniated disc at L5-S1 and traumatic aggravation of a Grade I spondylolisthesis at L5 on S1 causing nerve root compression requiring spinal surgery consisting of the following:

- L5 Laminectomy;
- Bilateral L5-S1 facetectomy;
- Bilateral foraminotomies;
- Right sided L5-S1 diskectomy;
- L5-S1 interbody instrumentation;
- Allograft plus autograft interbody fusion L5-S1;
- Microdissection;
- Pedicle screw instrumentation at L5 and S1` bilaterally; and
- Posterolateral allograft and autograft fusion at L5-S1

    c) Traumatic activation of preexisting spinal stenosis at L2-L3 and L3-L4;

    d) Caused posterior disc bulging, more to the right, with foraminal encroachment at L3-L4;

    e) Traumatically caused spondylolisthesis at L4-L5;

    f) Caused activation and/or aggravation of the following pre-existing conditions:

- Degenerative joint disease of the lumbar spine; and
- Degenerative Disc Disease of the lumbar spine; and
- Bilateral spondylosis (degenerative arthritis of the spinal vertebra) at L5-S1; and
- Severe right and moderate left neural foraminal stenosis at L5-S1.

    g) Caused Myofascial Pain Syndrome; and

    h) Other serious and severe injuries.

15. The aforesaid incident led to resulting injuries to Plaintiff, which were directly, legally and proximately caused and/or contributed to by the fault, violation of law, and negligence, jointly and/or severally, of the Defendants and which are more fully described *infra.* as follows:

    COUNT I:    General Maritime Law Negligence of Robert Harrison, as operator of the Motor Vessel CHUCKIE D;

    COUNT II:    Negligence of Bellaire Harbor Service, LLC, as owner or owner *pro hac vice* of the Motor Vessel CHUCKIE D and a flat-deck barge under 33 U.S.C. §905(b).

## COUNT I – GENERAL MARITIME LAW NEGLIGENCE

*Loye A. Blake, Jr.*

*vs.*

*Robert Harrison, as operator of the Motor Vessel CHUCKIE D*

AND AS FOR A FIRST, SEPARATE AND DISTINCT CAUSE OF ACTION, PLAINTIFF ALLEGES:

16. Paragraphs 1 through 15 are incorporated herein by reference.

17. This incident and resulting injuries and damages to Plaintiff were caused, without any contributing fault or neglect on the part of the Plaintiff, by the negligence of Defendant, Robert Harrison, as operator of the M/V CHUCKIE D, as follows:

    a)    In improperly causing dangerously excessive wheel wash, wake and water swells to be directed at or within close proximity to the barge upon which plaintiff was working;

    b)    In failing to keep the M/V CHUCKIE D under proper and adequate control;

    c)    In failing to keep an attentive and competent lookout;

    d)    In improperly preceeding ahead at a fast and unreasonable rate of speed under the circumstances then and there existing;

e) In improperly navigating the said motor vessel at a reckless rate of speed under conditions which required cautious and prudent navigation;

f) In improperly navigating too close to the Ohio bank of the Ohio River in the vicinity of the barge upon which plaintiff was working at mile 92.5, and which Defendant, Robert Harrison, knew plaintiff was working;

g) In failing to transit the Ohio River with due care and caution in the vicinity and in view of the barge upon which plaintiff was working;

h) In negligently causing wake that Defendant, Robert Robison knew or should have known would cause the barge upon which Plaintiff was working to surge and cause him to loose his balance and suffer injury.

18. As a direct and proximate result of the negligence of the Robert Harrison, as operator of the M/V CHUCKIE D, the Plaintiff, Loye A. Blake, Jr., has suffered substantial physical injuries which are permanent.

19. As a further direct and proximate result thereof, Plaintiff has experienced great physical pain and suffering, and attendant emotional distress, all of which he will continue to experience in the future.

20. As a further direct and proximate result thereof, Plaintiff has experienced a permanent loss of enjoyment of life and a permanent loss of ability to perform his usual functions.

21. As a further direct and proximate result thereof, Plaintiff has incurred hospital and medical expenses in an unliquidated amount, and he will incur additional hospital and medical expenses in the future.

22. As a further direct and proximate result thereof, Plaintiff has experienced a loss of earnings, and he will incur a further loss of earnings in the future.

## COUNT II – NEGLIGENCE UNDER 33 U.S.C. §905(B)

*Loye A. Blake, Jr.*

*vs.*

*BELLAIRE HARBOR SERVICE, LLC, as owner or owner pro hac vice of the Motor Vessel CHUCKIE D, and a flat-deck barge*

AND AS FOR A SECOND, SEPARATE AND DISTINCT CAUSE OF ACTION,

PLAINTIFF ALLEGES:

    23.    Paragraphs 1 through 22 are incorporated herein by reference.

    24.    This incident and resulting injuries and damages to Plaintiff were caused, without any contributing fault or neglect on the part of the Plaintiff, by the negligence the Bellaire Harbor Service, LLC, in its capacity as owner or owner *pro hac vice* of the M/V CHUCKIE D, as follows:

    a)    In improperly causing dangerously excessive wheel wash, wake and water swells to be directed at or within close proximity to the barge upon which plaintiff was working;

    b)    In failing to keep the M/V CHUCKIE D under proper and adequate control;

    c)    In failing to keep an attentive and competent lookout on the motor vessel;

    d)    In improperly preceeding ahead at a fast and unreasonable rate of speed under the circumstances then and there existing;

    e)    In improperly navigating the said motor vessel at a reckless speed under conditions which required cautious and prudent navigation;

    f)    In improperly navigating the said motor vessel too close to the Ohio bank of the Ohio River in the vicinity of the barge upon which plaintiff was working, and which Defendant knew plaintiff was working;

    g)    In failing to proceed and transit the Ohio River with due care and caution in the vicinity and in view of the barge upon which plaintiff was working;

    h)    This incident was caused, without any contributing fault or neglect on the part of the Plaintiff, solely by the negligence the M/V CHUCKIE D, by virtue of the defective and unsafe conditions referenced above, and by the fault and

negligence of her owner or owner *pro hac vice*, Defendant, Bellaire Harbor Service, LLC, through its agents, servants and employees, in either one or more of the following respects: Defendant breached the duty to warn Plaintiff-longshoreman of the unsafe condition and risk of harm to longshoremen which was known or should have been known to Defendant through the exercise of reasonable care; and/or Defendant breached the duty to exercise due care to inspect and have the said motor vessel in a reasonably safe condition and thereby avoid exposing longshoremen to harm from hazards under control of the motor vessel.

25. This incident was also caused, without any contributing fault or neglect on the part of the Plaintiff, by the negligence of the flat-deck barge upon which Plaintiff was working at the time of injury, by virtue of the defective and unsafe manner in which the barge was constructed, deployed and secured to the dock, and by the fault and negligence of the Defendant, Bellaire Harbor Service, LLC, through its agents, servants and employees, in either one or more of the following respects: Defendant breached the duty to warn Plaintiff-longshoreman of the unsafe condition of the vessel and risk of harm to longshoremen which were known or should have been known to Defendants (including the subject barge), through the exercise of reasonable care; and/or Defendants breached the duty to exercise due care to inspect and have the vessel and its equipment in a reasonably safe condition and thereby avoid exposing longshoremen to harm from hazards under control of the vessel.

26. This incident and permanent injuries to Plaintiff occurred as a direct result of the negligence and the fault of Defendant, Bellaire Harbor Service, LLC, which is responsible under the dictates of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), and the General Maritime Law of the United States for a maritime tort.

27. As a direct and proximate result of the negligence of Defendant, Bellaire Harbor Service, LLC, in its capacity as owner or owner *pro hac vice* of the M/V CHUCKIE D, and as owner or owner *pro hac vice* of the flat-deck barge upon which Plaintiff was working at the time of

injury, the Plaintiff, Loye A. Blake, Jr., has been damaged, including, pain and suffering, past and future; loss of earnings and impairment of earning power in the future; loss of enjoyments of life and well-being, past and future; and the cost of medical and hospital services, past and future.

28. Defendants, Bellaire Harbor Service, LLC, as owner of M/V CHUCKIE D and Robert Harrison, as operator of the M/V CHUCKIE D, are jointly and/or severally liable by reason of the aforesaid facts alleged above, and the injuries sustained by the Plaintiff were the direct and proximate result of the negligence of the M/V CHUCKIE D and the said flat-deck barge and their owner or owner *pro hac vice*, Bellaire Harbor Service, LLC, and operator, Defendant, Robert Harrison.

WHEREFORE, Plaintiff, LOYE A. BLAKE, JR., demands judgment, jointly and/or severally, under each count above against the Defendant, Robert Harrison, as operator of the M/V CHUCKIE D and Defendant, BELLAIRE HARBOR SERVICE, LLC, as owner or owner *pro hac vice* of the M/V CHUCKIE D and a flat-deck barge, for an amount in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs, and for such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
D. Andrew List (0052734)
(alist@clarkperdue.com)
Clark, Perdue & List Co, LPA
471 East Broad Street, Suite 1550
Columbus, OH 43215
Telephone: (614) 469-1925
Facsimile: (614) 469-1117

Of Counsel:

Joseph P. Moschetta (Pennsylvania Bar No. 05480)
(jpm@moschettalaw.com)
Stephen P. Moschetta (Pennsylvania Bar No. 81495)
(spm@moschettalaw.com)
The Moschetta Law Firm, P.C.
Court Square Building
28 West Cherry Avenue
Washington, PA 15301
Telephone: (724) 225-3060
Facsimile: (724) 225-7311