IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOYE A. BLAKE, JR., | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | )<br>)<br>)  Civil Action No. 2:09 cv 537<br>) |
| ROBERT HARRISON, as operator<br>of the Motor Vessel CHUCKIE D;<br>BELLAIRE HARBOR SERVICE, LLC,<br>as owner or owner pro hac vice of the<br>Motor Vessel CHUCKIE D; and a<br>flat-deck barge, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

ANSWER TO COMPLAINT

AND NOW come defendants, by and through their undersigned counsel, and hereby file the within Answer to Complaint, averring as follows:

First Defense

1. The averments contained in paragraph 1 of plaintiff's Complaint state conclusions of law to which no responsive pleading is required. In the event a response is deemed to be required, then defendants deny that plaintiff has set forth any claim upon which relief can be granted under the admiralty and maritime laws of the United States or under the Longshore and Harbor Workers' Compensation Act.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of plaintiff's Complaint,

and thus said averments are denied and strict proof thereof is demanded at the time of the trial.

3. The averments contained in paragraph 3 of plaintiff's Complaint are admitted.

4. The averments contained in paragraph 4 of plaintiff's Complaint are admitted in part and denied in part. It is admitted that defendant, Robert Harrison, is an individual who resides at 123 Glenn Avenue, St. Clairsville, Ohio 43950. It is admitted further that defendant, Robert Harrison, owns all of the shares of defendant, Bellaire Harbor Service, LLC, and that he is the President of said corporation. The remaining averments contained in paragraph 4 of plaintiff's Complaint are denied as stated.

5. The averments contained in paragraph 5 of plaintiff's Complaint are admitted in part and denied in part. It is admitted that, at all times relevant to this action, defendant, Bellaire Harbor Service, LLC, owned certain towboats, crane flats and a small flat-deck work platform. The remaining averments contained in paragraph 5 of plaintiff's Complaint are denied as stated.

6. The averments contained in paragraph 6 of plaintiff's Complaint are admitted in part and denied in part. It is admitted that, at all times relevant to this action, defendant, Bellaire Harbor Services, LLC, owned the Motor Vessel (M/V) Chuckie D, Coast Guard No. 263633, a twin screw towboat built in October 1952, and powered by Caterpillar 1350 horsepower kort nozzles. The remaining averments contained in paragraph 6 of plaintiff's Complaint are denied as stated.

7. The averments contained in paragraph 7 of plaintiff's Complaint are admitted.

8.  The averments contained in paragraph 8 of plaintiff's Complaint are admitted.

9.  The averments contained in paragraph 9 of plaintiff's Complaint are admitted in part and denied in part. It is specifically denied that the relevant small flat-deck work platform was being navigated at any relevant time.

10. The averments contained in paragraph 10 of plaintiff's Complaint are admitted in part and denied in part. It is admitted that plaintiff was employed by defendant, Bellaire Harbor Service, LLC, as a welder on or about July 11, 2006. It is specifically denied that plaintiff was employed aboard a flat-deck barge in navigation at any relevant time.

11. The averments contained in paragraph 11 of plaintiff's Complaint are admitted.

12. The averments contained in paragraph 12 of plaintiff's Complaint are admitted in part and denied in part. It is specifically denied that plaintiff was employed by defendant, Bellaire Harbor Service, LLC, aboard a flat-deck barge in navigation, at any relevant time.

13. The averments contained in paragraph 13 of plaintiff's Complaint are denied.

14. The averments contained in paragraph 14 of plaintiff's Complaint, and in subparts (a) through (h) thereof, are denied. It is specifically denied that plaintiff sustained any personal injuries, damages or impairments as the result of any alleged negligence, fault or violation of law on the part of defendants.

15. The averments contained in paragraph 15 of plaintiff's Complaint are denied. It is specifically denied that plaintiff sustained any personal injuries, damages or impairments as the result of any alleged negligence, fault or violation of law on the part of defendants.

### Count I – General Maritime Law Negligence

16. The averments contained in paragraphs 1 through 15, above, are incorporated herein by defendants and reasserted as though set forth fully at length.

17. The averments contained in paragraph 17 of plaintiff's Complaint, and in subparts (a) through (h) thereof, state conclusions of law to which no responsive pleading is required. In the event a response is deemed to be required, then said averments are denied. It is specifically denied that defendant, Robert Harrison, acted negligently or breached any duty owed to plaintiff. It is further denied specifically that any injuries and/or damages allegedly sustained by plaintiff were caused or contributed to by any negligence, carelessness or recklessness on the part of defendant, Robert Harrison, or by any alleged actions or inactions on his part.

18. The averments contained in paragraph 18 of plaintiff's Complaint are denied.

19. The averments contained in paragraph 19 of plaintiff's Complaint are denied.

20. The averments contained in paragraph 20 of plaintiff's Complaint are denied.

21.     The averments contained in paragraph 21 of plaintiff's Complaint are denied.

22.     The averments contained in paragraph 22 of plaintiff's Complaint are denied.

## Count II – Negligence Under 33 U.S.C. § 905(B)

23.     The averments contained in paragraphs 1 through 22, above, are incorporated herein by reference and reasserted as though set forth fully at length.

24.     The averments contained in paragraph 24 of plaintiff's Complaint, and in subparts (a) through (h) thereof, state conclusions of law to which no responsive pleading is required.  In the event a response is deemed to be required, then said averments are denied.  It is specifically denied that defendant, Bellaire Harbor Service, LLC, acted negligently or otherwise breached any duty owed to plaintiff under the Longshore and Harbor Workers' Compensation Act.  It is further denied specifically that any injuries and/or damages allegedly sustained by plaintiff were caused or contributed to by any negligence, carelessness or recklessness on the part of defendant, Bellaire Harbor Service, LLC, or any of its officers, supervisors, agents, servants, employees, masters and/or officers of any vessel, or by any alleged actions or inactions on any of their parts.

25.     The averments contained in paragraph 25 of plaintiff's Complaint state conclusions of law to which no responsive pleading is required.  In the event a response is deemed to be required, then said averments are denied.  It is specifically denied that defendant, Bellaire Harbor Service, LLC, acted negligently or otherwise breached any

5

duty owed to plaintiff under the Longshore and Harbor Workers' Compensation Act.  It is further denied specifically that any injuries and/or damages allegedly sustained by plaintiff were caused or contributed to by any negligence, carelessness or recklessness on the part of defendant, Bellaire Harbor Service, LLC, or any of its officers, supervisors, agents, servants, employees, masters and/or officers of any vessel, or by any alleged actions or inactions on any of their parts.  It is further denied specifically that any vessel or piece of equipment of defendant, Bellaire Harbor Service, LLC, was negligent, defective or unsafe in any relevant manner at any relevant time.

26.	The averments contained in paragraph 26 of plaintiff's Complaint state conclusions of law to which no responsive pleading is required.  In the event a response is deemed to be required, then said averments are denied.

27.	The averments contained in paragraph 27 of plaintiff's Complaint are denied.

28.	The averments contained in paragraph 28 of plaintiff's Complaint are denied.

WHEREFORE, defendants respectfully request that judgment be entered in their favor and against plaintiff, and that plaintiff's Complaint be dismissed.

### Second Defense

29.	Plaintiff's Complaint fails to state any claim against defendants or any of them upon which relief can be granted.

6

### Third Defense

30. Plaintiff's Complaint fails to state any claim upon which relief can be granted against plaintiff's employer and/or its officers, employees, agents, servants or vessels under the Longshore and Harbor Workers' Compensation Act or otherwise.

### Fourth Defense

31. Defendants contest plaintiff's right to a trial by a jury with respect to the claims alleged in plaintiff's Complaint.

### Fifth Defense

32. Defendants aver, on information and belief, that some or all of plaintiff's claims are or may be barred by applicable statutes of limitations and/or by the equitable doctrines of waiver, estoppel or laches.

### Sixth Defense

33. Defendants aver that plaintiff has failed and/or refused to mitigate his alleged damages.

### Seventh Defense

34. Defendants aver that plaintiff has heretofore reached the point of maximum medical improvement or cure.

<u>Eighth Defense</u>

35. Defendants aver that plaintiff was not abroad any "vessel" in navigation at any relevant time, nor were his alleged accident and/or injuries caused by the negligence of any "vessel" in navigation at any relevant time, or by any defendant herein.

<u>Ninth Defense</u>

36. Defendants reserve the right to rely upon facts developed curing discovery which would show that any alleged accident and injuries of plaintiff were caused, in whole or in part, by his own conduct and/or his own contributory and/or comparative negligence under the circumstances.

<u>Tenth Defense</u>

37. In the event it is established at trial that plaintiff suffered the injuries and damages alleged in plaintiff's Complaint, and in the further event it is established that any alleged accident occurred in the manner as alleged in plaintiff's Complaint, all of which is denied, then it is averred that the injuries and damages allegedly suffered by plaintiff were caused, in whole or in part, by the negligence, carelessness or recklessness of plaintiff in one or more of the following particulars:

  (a) In failing to properly and safely perform the tasks and functions in which he was engaged at the time of his alleged accident;

  (b) In failing to properly and safely utilize available equipment to perform the tasks and functions in which he was engaged at the time of his alleged accident;

    (c)    In failing to request assistance with the performance of the tasks and functions in which he was engaged at the time of his alleged accident;

    (d)    In ignoring applicable safety rules and practices for the proper performance of the tasks and functions associated with his duties; and

    (e)    In otherwise engaging in negligent, careless and unsafe acts.

### Eleventh Defense

38. In the event that plaintiff succeeds in establishing liability against defendant in this action, which liability is expressly denied, defendants aver that they are entitled to a setoff or credit as to all those amounts which plaintiff has received or may in the future receive from or on behalf of defendants or from or on behalf of third parties in the form of wages, maintenance, advances and/or compensation payments, as well as payments made or to be made in the future to or on behalf of plaintiff for medical expenses for treatment received by plaintiff.

### Twelfth Defense

39. Alternatively, if at the time of trial it is established that defendants were the owners or owners pro hac vice of any vessel on which plaintiff's alleged accident occurred, and further, if they are found in any way liable to plaintiff, which liability expressly denied, and further should the damages exceed the value of defendants' interest(s) in any vessel(s) allegedly involved in plaintiff's accident, then it is averred that the alleged accident and injuries to plaintiff were occasioned without the privity or knowledge of defendants, and defendants therefore invoke the benefit of the provisions

of the revised statutes of the United States and acts amendatory and supplemental thereto in limitation of liability of vessel owners (46 U.S.C. Section 181, <u>et seq.</u>), under which provisions, should defendants be held liable by reason of the matters alleged in plaintiff's Complaint, plaintiff would not be entitled to recover damages in excess of the value of defendants' interest(s) in said vessel(s).

WHEREFORE, defendants respectfully request that judgment be entered in their favor and against plaintiff, and that plaintiff's Complaint be dismissed.

<u>T</u><u>AFT, STETTINIUS & HOLLISTER,</u> <u>LLP</u>

By /s/ Lawrence D. Walker
    Lawrence D. Walker
    Ohio Bar No. 0012036
    walker@taftlaw.com

By /s/ Benjamin J. Parsons
    Benjamin J. Parsons
    Ohio Bar No. 0076813
    parsons@taftlawcom

21 East State Street
Suite 1200
Columbus, Ohio  43215-4221

BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.

By /s/ Leonard Fornella
    Leonard Fornella
    Pa. ID No. 27921
    lfornella@bccz.com

By /s/ Christopher M. Buell
    Christopher M. Buell
    Pa. ID No. 204068
    cbuell@bccz.com

Two Gateway Center
Pittsburgh, Pennsylvania 15222
(412) 394-5400

Attorney for Defendants

<u>CERTIFICATE OF SERVICE</u>

We hereby certify that true and correct copies of the within Answer to Complaint were, this 11th day of August, 2009, mailed, by regular mail, postage prepaid, to the following:

D. Andrew List, Esquire
Clark, Perdue & List Co., LPA
471 East Broad Street
Suite 1550
Columbus, Ohio 43215

Joseph P. Moschetta, Esquire
Stephen P. Moschetta, Esquire
The Moschetta Law Firm, P.C.
28 West Cherry Avenue
Washington, Pennsylvania 15301

By <u>/s/ Leonard Fornella</u>