THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOYE A. BLAKE, JR.<br><br>        Plaintiff,<br><br>  vs.<br><br>ROBERT HARRISON, as operator of the Motor Vessel CHUCKIE D; BELLAIRE HARBOR SERVICE, LLC, as owner or owner pro hac vice of the Motor Vessel CHUCKIE D, and a flat-deck barge,<br>        Defendants. | Case No. 2:09-cv-537<br><br>Magistrate Judge Kemp<br><br>RULE 26(f) REPORT OF PARTIES |

1. Pursuant to F.R. Civ.P. 26(f), a meeting was held on December 9, 2009, and was attended by:

    **Stephen P. Moschetta, counsel for Plaintiff**

    **Leonard Fornella, counsel for all Defendants**

2. **Consent to Magistrate Judge**. The parties:

    ___ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636 (c).

    **X** do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636 (c).

3. **Initial Disclosures**. The parties:

    ___ have exchanged the initial disclosures required by Rule 26(a)(1)

    **X will exchange such disclosures by December 31, 2009.**

    ___ are exempt from such disclosures under Rule 26(a)(1)(E).

    ___ have agreed not to make initial disclosures.

4. **Jurisdiction and Venue**

    a. Describe any contested issues relating to: (1) subject matter jurisdiction, (2) personal jurisdiction and/or (3) venue:

2

**None.**

b.   Describe the discovery, if any, that will be necessary to the resolution of issues relating to jurisdiction and venue:

**None.**

c.   Recommended date for filing motions addressing jurisdiction and/or venue:

**N/A.**

5. **Amendments to Pleading and/or Joinder of Parties**

a.   Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:  **March 31, 2010.**

b.   If class action, recommended date for filing motion to certify the class:  **N/A.**

6. **Recommended Discovery Plan**

a.   Describe the **subjects** on which discovery is to be sought and the nature and extent of discovery that each party will need:

**(1) Facts surrounding the July 11, 2006 incident;  (2) Plaintiff's alleged injuries, medical care and damages;  (3) Plaintiff's current physical condition;  (4) Negligence of Plaintiff, Defendant and the subject vessel.**

b.   What **changes** should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?

**None.**

c.   The case presents the following issues relating to disclosure or discovery of **electronically stored information**, including the form or forms in which it should be produced:

**None known at this time.**

d.   The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

i.   Have the parties agreed on a procedure to assert such claims **AFTER** production?

      **X** No

      ___ Yes

      ___ Yes, and the parties ask that the Court include their agreement in an Order.

e. Indentify the discovery, if any, that can be **deferred** pending settlement discussion and/or resolution of potentially dispositive motions:

    **None.**

f. The parties recommend that discovery should proceed in **phases**, as follows:

**Fact discovery through June 15, 2010, with a post-fact discovery status conference on June 22, 2010. Expert discovery will be addressed at the post-fact discovery Status Conference.**

g. Describe the areas in which **expert testimony** is excepted and indicate whether each expert will be specially retained within the meaning of F.R.Civ.P.26(a)(2):

    i. Recommended date for making **primary expert designations**: **See paragraph 6(f).**

    ii. Recommended date for making **rebuttal expert designations**: **See paragraph 6(f).**

h. Recommended discovery **completion date**: **June 15, 2010.**

7. **Dispositive Motion**(s)

    a. Recommended date for filing dispositive motions:

**The parties request that the date for dispositive motions be addressed following the post-fact discovery Status Conference.**

8. **Settlement Discussions**

    a. Has a settlement demand been made? **No.**    A response? _____

    b. Date by which a settlement demand can be made: **December 31, 2009.**

    c. Date by which a response can be made: **January 15, 2010.**

9. **Settlement Week Referral**

The earliest Settlement Week referral reasonably likely to be productive is the

   ___ March 2010        Settlement Week

   _X_ June 2010         Settlement Week

   ___ September 2010  Settlement Week

   ___ December 2010   Settlement Week


10. **Other matters for the attention of the Court: None.**


**Signatures:**

| | |
|---|---|
| s/Stephen P. Moschetta | s/Leonard Fornella |
| Stephen P. Moschetta, Esquire | Leonard Fornella, Esquire |
| PA ID No. 81495 | PA ID No. 27921 |
| THE MOSCHETTA LAW FIRM, P.C. | BABST, CALLAND, CLEMENTS & ZOMNIR |
| Court Square Building | Two Gateway Center |
| 28 West Cherry Avenue | Pittsburgh, PA 15222 |
| Washington, PA 15301 | -and- |
| -and- | Lawrence D. Walker, Esquire |
| D. Andrew List, Esquire | TAFT, STETTINIUS & HOLLISTER, LLP |
| CLARK, PERDUE & LIST CO, LPA | 21 East State Street |
| 471 East Broad Street | Suite 1200 |
| Suite 1550 | Columbus, OH 43215-4221 |
| Columbus, OH 43215 | **Attorneys for Defendants** |
| **Attorneys for Plaintiff** | |